ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST<br>Apelado<br><br>v.<br><br>SUCESIÓN DE NILDA ESTHER ROBLEDO RIVERA TAMBIÉN CONOCIDA COMO NILDA E. ROBLEDO RIVERA Y OTROS<br>Apelante | TA2025AP00092 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Número: RF2022CV00300<br><br>Sobre: Cobro de dinero – Ordinario y otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de julio de 2025.

Comparece ante esta Curia, el Sr. Juan Rosa Robledo (señor Rosa Robledo o Apelante) y solicita que revoquemos la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario) emitió y notificó, el 24 y 25 de marzo de 2025, respectivamente. Mediante el referido dictamen y de forma sumaria, el foro primario declaró Ha Lugar la *Demanda* objeto de este recurso*,* y ordenó la ejecución de la hipoteca, entre otros remedios.

Adelantamos que, por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

**I.**

Acogemos los hechos plasmados en la *Sentencia* de esta Curia (Recurso Núm. KLAN202500485), emitida y notificada el 10 y 17 de junio de 2025, respectivamente. Sin embargo, previo a que la Secretaría de esta Curia remita el mandato correspondiente al

referido dictamen, el señor Rosa Robledo insta el Recurso Núm. TA2025AP00092 en el cual imputa al foro primario lo siguiente:

> ERRÓ EL TPI AL DICTAR SENTENCIA SUMARIA CONTRA LA "PARTE DEMANDADA" EN GENERAL SIN ACLARAR QUE DEL EXPEDIENTE ANTE SU CONSIDERACIÓN SURGÍA QUE EL SR. ROSA ROBLEDO SOLO ACEPTÓ LA HERENCIA A BENEFICIO DE INVENTARIO Y QUE POR TANTO NO RESPONDE POR LA DEUDA CON SUS BIENES PERSONALES.

Hemos examinado con detenimiento el recurso sometido por el Apelante y optamos por prescindir de los términos, escritos o procedimientos ulteriores, esto con el propósito de lograr su más justo y eficiente despacho. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024).[1] Cónsono con ello, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, por tanto, debemos atender con preferencia los asuntos concernientes a la jurisdicción. *Íd.* Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger

---

[1] Citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles,* supra.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, supra. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.* Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374 (2020).

A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Íd.*

Puntualizamos que, cuando un dictamen es objeto de revisión, el foro de origen pierde jurisdicción para continuar con los procedimientos hasta tanto el foro de superior jerarquía disponga del asunto y le remita el correspondiente mandato. *Colón y otros v. Frito Lays*, 186 DPR 135, 153 (2012). Como se sabe, el mandato es el mecanismo que posee el foro revisor para comunicar al tribunal revisado qué determinación ha tomado sobre el dictamen objeto de revisión con el fin de que este último actúe de conformidad. *Pueblo v. Rosario Paredes*, 209 DPR 155, 168 (2022). Sobre este tema, el Tribunal Supremo ha establecido que, toda actuación que realice el foro revisado previo a recibir el mandato es nula. *Colón y otros v. Frito Lays*, pág. 154. Véase, además, la Regla 84(E) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

### III.

En el presente caso, el Apelante invoca nuestra jurisdicción con el propósito de que revisemos el dictamen sumario del foro primario, mediante el cual, declaró ha lugar la demanda objeto de este recurso y ordenó la ejecución de la hipoteca.

Antes de ejercer nuestra función revisora, precisa que auscultemos si gozamos de jurisdicción para entender sobre la presente causa. Nótese que, el Apelante insta el recurso de apelación (TA2025AP00092) previo a que la Secretaría de esta Curia remita el mandato relacionado al Recurso Núm. KLAN202500485.

A tenor de la normativa aplicable y debido a que la *Sentencia* emitida por esta Curia (Recurso Núm. KLAN202500485), no ha advenido final y firme, resolvemos que el Apelante acudió prematuramente ante este Tribunal mediante el Recurso Núm. TA2025AP00092. A esos efectos, la Regla 83(C) de nuestro Reglamento, *supra,* nos faculta a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. Es

norma reiterada que, la falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* supra. Sin embargo, cabe reiterar que, ante la desestimación de un recurso prematuro, la parte que recurre puede presentarlo nuevamente, una vez la Secretaría remita el mandato correspondiente al recurso anterior (KLAN202500485). Se prescindirá de la expedición del mandato correspondiente al presente recurso (TA2025AP00092) en aras de garantizar mayor eficiencia y acceso a la justicia.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción ante su presentación prematura.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones